**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDWARD COLON,

              Plaintiff,             Case No. 2:24-cv-10697

v.                               Hon. Brandy R. McMillion
                               United States District Judge

CHALLENGE MFG. HOLDINGS, INC.,

              Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT (ECF NO. 19)**

Edward Colon ("Colon" or "Plaintiff") brought several claims of age, race, and disability discrimination and retaliation against his former employer, Challenge MFG. Company ("Defendant," "Challenge," or "the Company"). *See generally* ECF No. 1. Several of Plaintiff's claims were dismissed pursuant to the Court's December 5, 2024 Opinion and Order Granting Defendant's Motion for Partial Judgment on the Pleadings dismissing Counts II, VII, and IX of the Complaint after Defendant filed a Motion for Partial Judgment on the Pleadings on August 27, 2024. *See generally* ECF Nos. 18, 14, respectively. The following claims remain in the case—which Defendant now moves to dismiss on summary judgement: retaliation under 42 U.S.C. § 1981 ("Section 1981") and the Elliott-Larsen Civil Rights Act

("ELCRA"); disability discrimination under the Americans With Disabilities Act ("ADA") and the Michigan Persons With Disabilities Civil Rights Act ("PWDCRA"); race discrimination Section 1981 and ELCRA; and age discrimination under ELCRA. *See generally* ECF No. 19. The Motion has been adequately briefed, so the Court will rule without hearing. *See* ECF Nos. 19, 22-23; E.D. Mich. LR 7.1(f)(2). As outlined below, the Court **GRANTS** Challenge's Motion for Summary Judgment (ECF No. 19) and this case is **DISMISSED WITH PREJUDICE**.

## I.

Colon is a former employee of Challenge, where he began working on or around August 29, 2022 as a talent acquisition and skilled trades recruiter. ECF No. 1, PageID.2. He is over 50-years-old and identifies as a Hispanic man. ECF No. 22, PageID.721. His manager was Cheryl Brainard ("Brainard"), and she was based in Pontiac, Michigan. ECF No. 1, PageID.2. When interviewing for the position, Defendant told Plaintiff that they would provide him with an office to conduct interviews; however, Plaintiff was ultimately only given a cubicle. ECF No. 22, PageID.721.

Colon's co-worker, Kyle Tarkington ("Tarkington") trained him from August 29 to September 2, 2022. ECF No. 1, PageID.3. Tarkington is a young, Caucasian man who was also a talent acquisition specialist and skilled trades recruiter at the

2

Company. *Id*. at PageID.3.  During his second week of work, Plaintiff was informed that he would be responsible for onboarding for the ADP greenhouse and Plex systems.   *Id*.   Plaintiff then told Brainard that onboarding was not part of Tarkington's responsibilities, despite the two having the same roles at the Company. ECF No. 22, PageID.721.   Brainard advised Plaintiff not to worry about the distinction. *Id*.  From August 29 to November 11, 2022, Plaintiff also hired 17 new employees, meanwhile, Tarkington hired just one. *Id*.  These noticeable differences in treatment led Colon to informing Ken Savage ("Savage"), Challenge's Vice President of Human Resources, that he felt like he was being treated differently than Tarkington.[1]  *Id*. at PageID.722.  He also told Savage he felt as though he was being set up for failure at the Company.  *Id*.

On November 10, 2022, Savage informed Plaintiff via email that the Company's Pontiac location was not meeting its hiring expectations, which resulted in Plaintiff feeling singled out.  ECF No. 22, PageID.722.  Plaintiff also felt that he was being excluded from team meetings, removed from communications, and overall, felt unwelcomed at the Company.  *Id*.  Separately, while employed at Challenge, Plaintiff asked Savage for approval to have LilySpeech downloaded to

---

[1] These one-on-one conversations took place on October 12 and 19, 2022.  ECF No. 22, PageID.722.

Plaintiff's computer.  *Id*. at PageID.722-723.  On September 21, 2022, Savage

replied, in part, stating,

> "We already have a similar software on our system. You would be the
> only user of the software in the entire organization and in addition to
> that, I don't know if the IT department knows for sure the security
> implications of this software on our system. When we add a software
> to our system, we need to understand the business implications as well
> as the software implications, and since we have a perfectly good
> alternative, I am not going to approve the installation of the software.
> As an alternative, what I would suggest we do is set up a short 30 minute
> (if that is enough) learning session so our IT team can teach you how to
> use the software or system that is already in place. I have copied Doug
> Plamondon so he is aware that I am denying the software and so he can
> try to set up some training on the software we have. Thanks[.]"

ECF No. 19-7, PageID.390.  Despite this response, Plaintiff did not feel as though

Defendant engaged with his request, nor suggested any alternative accommodation.

ECF No. 22, PageID.722.  Shortly thereafter, on November 11, 2022, Colon received

a notice of termination.  *Id*.; *see also* ECF No. 19-10, PageID.425.

On the Termination Document, in the box allocated for "list[ing] specific

examples of performance issue(s) or policy violation(s)[,]" Colon's manager wrote,

> "Ed has continually complained about tasks that are assigned to him
> and failed to follow appropriate protocols.  On more than one occasion
> Ed has not been proctoring skilled trades tests, and has failed to update
> systems as to steps he has taken to complete his assignments[.]"

*See* ECF No. 19-10, PageID.425.  According to Plaintiff, his manner of discharge

was inconsistent with Challenge's own company policy, where Plaintiff's alleged

conduct would not have otherwise been considered a terminable offense.  ECF No.

4

22, PageID.723; *see also* ECF No. 22-4, PageID.749.[2]   Nonetheless, the same document clarifies that, "[o]ther types of conduct may lead to termination but are of the nature that might lead the Company to believe that they are correctible with progressive discipline.  While the various steps of progressive discipline are set forth below, dependent on the seriousness of the misconduct, and for just cause, various steps of progressive discipline may be accelerated."  ECF No. 22-4, PageID.750.

On May 16, 2023, Colon filed an EEOC charge, then received a right-to-sue letter.  ECF No. 22-1, PageID.736-742.  This lawsuit followed with the filing of his Complaint on March 18, 2024.  *See generally* ECF No. 1.  The Court dismissed Counts II, VII, and IX after Defendant filed a Motion for Partial Judgment on the Pleadings, *see generally* ECF Nos. 14, 18.  Subsequent to the Court's decision, Counts I, III, IV, V, VI, VIII, and X remained—which are now subject to Defendant's request for summary judgement.  *See generally* ECF No. 19.  Defendant's Motion for Summary Judgment has been adequately briefed, so the Court finds oral

---

[2] Listing "Major/Serious Offenses Resulting In Immediate Termination," which includes "1. Violation of the Equal Employment Opportunity or Team Member Dignity Policies 2. Violation of the Alcohol/Prohibited Substances Policy 3. Fighting, threatening or intimidating co-workers, supervisors or managers, possession of a weapon on the Company's premises or engaging in any violence while on Company property. 4. Clocking in/clocking out another Team Member at the beginning or end of a work day, break or lunch period. 5. Falsification of records, defrauding, and cheating 6. Theft of Company property or the property of other Team Members 7. Deliberate destruction of, or damage to, Company property or the property of other Team Members 8. Disclosing confidential and proprietary Company information or violation of the Social Security Number Privacy Policy. 9. Conviction of any felony criminal offense related to his/her job 10. Unlawful, inappropriate or dangerous use of Company property, including but not limited to vehicles and equipment."

argument unnecessary and will rule based on the record before it. *See* E.D. Mich. L.R. 7.1(f).

## II.

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Upon making this showing, the nonmoving party must present "significant probative evidence" revealing that there is "more than some metaphysical doubt as to the material facts necessitating a trial[.]" *Green Genie, Inc. v. City of Detroit, Mich.*, 63 F.4th 521, 526 (6th Cir. 2023). The "facts must be viewed in the light most favorable to the nonmoving party *only if* there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"The non-moving party may not rely on his pleadings alone but instead must demonstrate the existence of a genuine issue for trial by pointing to 'specific facts' that create such an issue." *Hamilton v. Myers*, 281 F.3d 520, 525 (6th Cir. 2002) (citation omitted). "A mere scintilla of evidence" is insufficient to forestall summary judgment." *Babcock & Wilcox Co. v. Cormetech, Inc.*, 848 F.3d 754, 758 (6th Cir.

6

2017).  There is no genuine issue of material fact that can withstand a motion for summary judgment where Plaintiff provides conclusory assertions, supported only by his own opinions.  *Arendale v. City of Memphis*, 519 F.3d 587, 608 (6th Cir. 2008); *see also Johari v. Big Easy Rest., Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

## III.

Challenge moves for summary judgment on all remaining claims in this matter.  Before reaching the merits, the Court notes the legal framework in which it analyzes Colon's discrimination and retaliation claims.  A plaintiff may establish discrimination "either by introducing direct evidence of discrimination or by proving inferential and circumstantial evidence which would support an inference of discrimination."  *Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997), *see also Blalock v. Metals Trades, Inc.*, 775 F.2d 703, 706 (6th Cir.1985) ("Direct evidence and the *McDonnell Douglas* formulation are simply different evidentiary paths by which to resolve the ultimate issue of defendant's discriminatory intent"), *cert. denied*, 490 U.S. 1064, 109 S.Ct. 2062, 104 L.Ed.2d 627 (1989).  "In discrimination cases, direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions."  *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir.1999).

When a claim is not based on direct evidence, it relies on circumstantial evidence, and the *McDonnell Douglas* framework applies. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the framework, "[Colon] must first establish a prima facie case for [his] respective […] claims; if [he] does, the burden shifts, and [Challenge] must provide a 'legitimate, nondiscriminatory reason' for the adverse action. […] If [Challenge] provides such a reason, the burden shifts back to [Colon] to show that the proffered reason was pretextual." *Kellar v. Yunion, Inc.*, 157 F.4th 855, 879 (6th Cir. 2025) (cleaned up).[3] Under this framework, the Court will address each of the remaining claims to which Colon seeks summary judgment.

## A. DISABILITY DISCRIMINATION UNDER ADA AND PWDCRA (COUNT IV AND V)

Defendant asserts they are entitled to summary judgment on Counts IV and V because Plaintiff's *prima facie* failure-to-accommodate claim fails since he cannot prove that (1) Defendant knew or had reason to know of Plaintiff's disability and (2) Defendant failed to provide the necessary accommodation. ECF No. 19, PageID.226-229. Pursuant to the ADA, employers cannot discriminate against

---

[3] *See e.g.*, *Hightower-Mathis v. Nextcare Michigan Providers*, PLLC, No. 25-1623, 2026 WL 126494, at *3 (6th Cir. Jan. 16, 2026) (applying the *McDonnell Douglas* framework to § 1981 race discrimination claim); *Bloomer v. Word Network Operating Company, Inc.*, 785 F.Supp.3d 251 (E.D.Mich., 2025) (applying the *McDonnell Douglas* framework to race discrimination claims brought under § 1981); *Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 767 (6th Cir. 2025) (applying *McDonnell Douglas* framework to ADA claim); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 818 (6th Cir. 2011) (applying the McDonnell Douglas framework to a ELCRA claim that relied on circumstantial evidence); *Hurtt v. Int'l Servs., Inc.*, 627 F. App'x 414, 419 (6th Cir. 2015) (applying McDonnell Douglas to a PWDCRA claim in the absence of direct evidence).

disabled, qualified individuals in "… the hiring, advancement, or discharge of [such] employees."  42 U.S.C. § 12112(a).  Similarly, under the PWDCRA, "an employer may not discharge or otherwise discriminate against an individual because of a disability that is unrelated to the individual's ability to perform the duties of a particular job or position."  MCL 37.1101 *et seq.*; *see also Donald v. Sybra, Inc.*, 667 F.3d 757, 763-764 (6th Cir. 2012) ("The PWDCRA 'substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim.'") (citation omitted).  When "[Plaintiff] provides no argument as to why [the Court] should treat the claims separately, nor does [the Court's] review indicate as much[,]" the Court will review them together.  *Id*.

In *Fisher v. Nissan N. Am., Inc.*, the Sixth Circuit clarified that "[b]ecause failure to accommodate is listed in the [ADA's] definition of disability discrimination, [. . .] claims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence (the failure to accommodate) of discrimination.  951 F.3d 409, 416-17 (6th Cir. 2020) (cleaned up).  Thus, the Court will apply the direct evidence framework, under which, Colon's disability claims fail.

To survive summary judgment on his disability claims, Colon "bears the burden of establishing (1) that he is disabled, and (2) that he is otherwise qualified for the position despite his […] disability: (a) without accommodation from the

employer; (b) with an alleged 'essential' job requirement eliminated; or (c) with a proposed reasonable accommodation." *Fisher*, 951 F.3d at 417 (cleaned up). After which, if Colon carries his burden, Challenge "bears the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon" the Company. *Id*.

The Court begins with whether Colon is disabled. Under the ADA, a disability is "(a) a physical or mental impairment that substantially limits one or more major life activities of such individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment." *See* 42 U.S.C. § 12102(1). The Sixth Circuit has summarized that "[f]ramed correctly, the question before us is whether" Colon "submitted enough evidence to show that" he has carpal tunnel syndrome. *See Morrissey v. Laurel Health Care Co.*, 946 F.3d 292, 300 (6th Cir. 2019). In that case, the Court concluded it was sufficient that the employee "told [the company] that she could not work more than twelve hours per shift because she suffered from a disability as defined by the ADA. That was enough." *Morrissey*, 946 F.3d at 300; *see also Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 450 (6th Cir. 1999) ("An employer has notice of the employee's disability when the employee tells the employer that he is disabled."). Here, Defendant had no such notice.

Citing his email with Savage, Colon argues that Defendant had knowledge of his carpal tunnel syndrome because he requested the installation of LilySpeech to

his computer as an accommodation.  ECF No. 1, PageID.4.  Upon reviewing the email exchange, the Court not only disagrees with Plaintiff that it proves Challenge had notice of his disability, but questions Plaintiff's reading entirely.  ECF No. 22, PageID.729; *see also* ECF No. 22-3, PageID.745.[4]  Plaintiff claims, "[t]he email explicitly states that the tool would support him during phone calls and meetings by providing voice-to-text support[.]"  ECF No. 22, PageID.729.  But the Court finds no mention at all by Savage as to *why* Colon needed the requested software—nor anything else that could be reasonably interpreted as knowledge of any disability.[5]  ECF No. 22-3, PageID.745.

Even if Plaintiff sufficiently argued that a reasonable jury could differ as to whether Defendant knew he was disabled, the claim would still fail under the second element.  In Plaintiff's own Exhibit, Savage proposed a reasonable accommodation.  *See* ECF No. 22-3, PageID.745 (Savage writing, "[a]s an alternative, what I would suggest we do is set up a short 30-minute (if that is enough) learning session to our IT team can team you how to use the software system that is already in place").  In

---

[4] For starters, Exhibit C is not an email dated October 12, 2022, as Plaintiff wrongly asserts.  ECF No. 22, PageID.729.  The Exhibit also appears to be redacted but nonetheless makes no mention of any disability.  ECF No. 22-3, PageID.745-747.  So, on the record before the Court, there is no notice of a disability provided to the Company.

[5] Defendant correctly points out that for the first time in their Response Brief, Plaintiff attempts to put at issue a speech-related disability.  ECF No. 23, PageID.813 (citing to ECF No. 22, PageID.729).  Nowhere in the Complaint is this disability mentioned; therefore, the Court will not assess it as a basis for any of Plaintiff's disability claims.  *See generally* ECF No. 1.  *See Edison v. Twp. of Northville*, 752 F. Supp. 3d 808, 821 (E.D. Mich. 2024) ("[A] plaintiff may not defeat summary judgment by asserting a claim that he did not plead in the complaint.").

fact, Savage went as far as copying an IT team member to the email chain with Plaintiff. *Id.* Meanwhile, Plaintiff responded to Savage's email about five minutes later with, "ok. No Worries." *Id.* Colon cannot, as a matter of law, claim that he is otherwise qualified for his prior position with a proposed reasonable accommodation that he himself effectively declined to take advantage of. *See* ECF No. 22-3, PageID.745.

Moreover, Colon cannot create a genuine issue of material fact by summarily stating "the alternative alleged to be provided did not work, [and] Plaintiff's requests to have this remedied were also ignored." ECF No. 22, PageID.729. Not only is this directly contradicted by his email response of "ok. No Worries[,]" but the Court again is not required to search the record to find support for Colon's position. Plaintiff's conclusory claims that the program did not work and Challenge's alternative would not suffice, are not enough to create a genuine issue of material fact. Based on the record before the Court, no reasonable jury could find that Challenge did not offer a reasonable accommodation. Consequently, summary judgment in favor of Challenge on Counts IV and V is proper.

**B.    RACE DISCRIMINATION UNDER § 1981 (COUNT VI) AND RACE DISCRIMINATION UNDER ELCRA (COUNT VIII)**

Challenge argues that neither of Colon's remaining race discrimination claims can survive this stage of the litigation because he cannot satisfy the required elements of a *prima facie* case of race discrimination. ECF No. 19, PageID.214-

12

221.  Specifically, Defendant argues there is no genuine dispute of material fact as to whether (1) Colon and Tarkington were similarly situated employees, and (2) Challenge treated Colon less favorably than Tarkington.  ECF No. 19, PageID.214-221.  The Court is persuaded by Defendant's position.

Because these two claims are backed by circumstantial evidence, to survive dismissal, Colon must show "(1) that he is a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a similarly-situated employee outside the protected class or classes was treated more favorably than he." *McDonnell*, 411 U.S. at 792.  Defendant challenges Colon's ability to satisfy the final element.  ECF No. 19, PageID.214-221.  For example, Colon cannot prove he was a similarly situated employee to Tarkington because they were employed at different facilities, reported to different supervisors, were responsible for different job duties, and operated under different expectations. *Id.* at PageID.215-218.  While Colon was a probationary employee throughout the duration of his employment at the Company, Tarkington was a standard team member, after completing his probationary period in 2021.  *Id.* at PageID.216.

In response, Plaintiff provides three sentences, neither of which is backed by any support in the record.  ECF No. 22, PageID.732-733.  This is insufficient.  First, Plaintiff claims that he "further detailed how he was treated differently from his white colleagues, including in the way Brainard spoke to him and others of African-

13

American descent." ECF No. 22, PageID.732. Yet, there is no citation to the record that the Court can use to determine the disputed nature of Plaintiff's claim that he was treated differently from his white colleagues. *See* ECF No. 22, PageID.732-733; *see also Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992) (holding that a district court is not required to search the records *sua sponte* for evidence of genuine issues of material fact).

What's more, the Sixth Circuit has "explained that in analyzing the treatment of similarly situated employees, the question is whether the plaintiff has demonstrated that he or she is similarly-situated to the non-protected employee **in all relevant respects**." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 522 (6th Cir. 2008) (emphasis added). Here, Plaintiff effectively asserts that a mere shared job title with Tarkington is enough to establish that they are similarly situated for the purpose of his race discrimination claim. ECF No. 22, PageID.721. But this is contrary to the guiding precedent. Colon also asserts that the Company did not terminate similarly situated white employees based on a lack of good "fit" grounds. ECF No. 22, PageID.733. But again, this assertion is without backing, and therefore not enough to survive summary judgment. *See Thompson v. Henderson*, 226 F. App'x 466, 478 (6th Cir. 2007) ("Mere conclusory statements regarding alleged discrimination, which are unsupported by specific facts fail to raise a genuine issued [sic] of material fact and are insufficient to survive a motion for summary

14

judgment."). Plaintiff offers exactly that—conclusory statements about how he was racially discriminated against. He fails to raise any genuine dispute of material fact; therefore, Counts VI and VIII are both subject to summary judgment.

## C.      AGE DISCRIMINATION UNDER ELCRA (COUNT X)

According to Plaintiff, his age discrimination claim should not be dismissed because he has sufficiently established a prima facie case under ELCRA—the first *McDonnell Douglas* step. Under Michigan law, Plaintiff must show that "(1) he was a member of a protected class; 2) he was discharged; 3) he was qualified for the position held; and 4) he was replaced by someone outside of the protected class." *Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir. 2009). Alternatively, he can satisfy the fourth element "with evidence that the defendant treated [him] differently than persons of a different age class who engaged in the same or similar conduct." *Provenzano*, 663 F.3d at 818. Given that the Court has already determined there is no genuine issue of disputed fact as to whether Colon and Tarkington were similarly situated employees, *see supra* Section III.B, the only way Colon can satisfy the fourth element is by alleging he was replaced by a younger employee.

Plaintiff's Response Brief contains no argument that he was replaced at all, let alone that he was replaced by someone younger than him. *See* ECF No. 22, PageID.731-732. Still, relying on *Meagher v. Wayne State Univ.*, he insists that under the ELCRA, a jury can "infer discriminatory motive based on circumstantial

evidence." ECF No. 22, PageID.732; *Meagher v. Wayne State Univ.*, 222 Mich. App. 700, 710 (1997). However, in that case, the Michigan Court of Appeals underscored that "[a] plaintiff must present evidence that, when viewed in a light most favorable to the plaintiff, would permit a reasonable jury to find that the plaintiff was discharged because of age." *Meagher*, 222 Mich. App. at 709-710. Colon has not carried his burden. He points to no record evidence that would allow a reasonable jury to find that he was replaced by a younger, similarly-situated employee. *See Town v. Mich. Bell Tel. Co.*, 455 Mich. 688, 695 (1997); *Hazle v. Ford Motor Co.*, 464 Mich. 456, 463 (2001). Instead, Colon urges the Court to adopt his overly broad reading of case law to remedy his brief and accept his conclusory assertions that circumstantial evidence exists. The Court declines to do so and subsequently grants summary judgment in favor of Defendant on Count X.[6]

## D.   RETALIATION UNDER SECTION 1981 (COUNT I) AND RETALIATION UNDER ELCRA (COUNT III)

Plaintiff alleges he was retaliated against, in violation of § 1981 and ELCRA, because (1) he engaged in a protected activity; (2) Challenge knew about the protected activity; (3) Challenge thereafter took an adverse employment action against him when it fired him; and (4) there was causal connection between the

---

[6] To the extent Plaintiff advances an aged-based claim of hostile work environment, the Court further dismisses it based on Plaintiff's failure to show any genuine dispute of material fact as to whether Challenge created an intimidating, hostile, or offensive work environment based on Plaintiff's age.

protected activity and the adverse employment action.  *See* ECF No. 22, PageID.730 (*citing Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014) and *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523–26 (6th Cir. 2008)).   Racial discrimination claims under § 1981 and ELCRA are reviewed under the same standard, so the Court will conduct its analysis accordingly.  *See Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 771-72 (6th Cir. 2018); *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999).

Colon's retaliation claim begins and ends with the first element—whether he engaged in a protected activity.  As evidence of protected activity, Colon claims he "reported concerns about racial hostility, age-based comments, and the exclusion of minority candidates[, and …] informed HR about a racially hostile environment and his objections to the treatment of Hispanic applicants."  ECF No. 22, PageID.730 (citing Colon Dep. Tr. 109:4-110:1, 113:19-114:1).   He offers no other record support for this statement.  The Court's review of the record reveals the opposite.  In the record cite that Colon himself provides, Colon was asked, "Did you ever report [the manager's] comments up the chain?" He responded, "no."  ECF No. 19-4, PageID.276 (Colon Dep. Tr., 114:2-114:4).   Plaintiff provides no other record support that he reported any concerns; and the Court is not required to scour the record to find it.  *Guarino*, 980 F.2d at 403.

Without a protected activity, a retaliation claim fails. *Gaydos v. Woodward Original, LLC*, No. 24-CV-11781, 2025 WL 2462677, at *4 (E.D. Mich. Aug. 26, 2025) (quoting *Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 344-45 (6th Cir. 2021)) ("Protected activity includes 'complaining to anyone' – including 'management and 'other employees' – 'about allegedly unlawful practices.'"). Here, there is no genuine issue of material fact as to whether Colon engaged in a protected activity, so summary judgment in Challenge's favor, on Counts I and III, is proper.

## IV.

Accordingly, Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

*This is a Final Order that closes the case.*

**IT IS SO ORDERED.**

Dated: February 9, 2026                     s/ Brandy R. McMillion
     Detroit, Michigan                     Hon. Brandy R. McMillion
                                       United States District Judge